UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                          :

EMIGRA GROUP, LLC,

                                          :

                        Plaintiff,

                                          :        No. 07-cv-10688 (LAK) (HP)

           --against--

                                          :        ECF CASE

FRAGOMEN, DEL REY, BERNSEN & LOEWY,
LLP, FRAGOMEN, DEL REY, BERNSEN &         :
LOEWY II, LLP, FRAGOMEN GLOBAL
IMMIGRATION SERVICES, LLC, FRAGOMEN       :
GLOBAL LLP, AND RYAN MATTHEW FREEL,

                                          :

                        Defendants.

                                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### <u>ANSWER AND COUNTERCLAIMS OF RYAN MATTHEW FREEL</u>

Defendant Ryan Matthew Freel responds to plaintiff's Amended Complaint dated December 21, 2007 (the "Complaint") as follows:

1.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 1, and admits the allegations of the second sentence of paragraph 1.

2.    Mr. Freel denies knowledge or information sufficient to form a belief as to the status of incorporation of, and the legal relationship between, the various Fragomen entities; admits that Fragomen LLP provides legal advice and representation in immigration law matters and in other international law matters such as transnational mergers and acquisitions, and

import/export and other regulatory compliance; admits that Emigra purports to refer to the four entity defendants in this case as the "Fragomen Defendants"; and denies the remaining allegations of paragraph 2.

3.    Mr. Freel admits the allegations of paragraph 3.

4.    Mr. Freel admits that Emigra purports to bring this action under the provisions of law cited in paragraph 4.

5.    Mr. Freel admits that this Court has subject matter jurisdiction over the purported claims Emigra has asserted unless or until the federal claims asserted in the case are dismissed.

6.    Mr. Freel denies the allegations of paragraph 6 to the extent they state that this Court has personal jurisdiction over him, and denies knowledge or information sufficient to form a belief as to whether the Court has personal jurisdiction over the Fragomen Defendants.

7.    Mr. Freel denies the allegations of paragraph 7 to the extent that they state that venue in this district is proper as to him, and denies knowledge or information sufficient to form a belief as to whether venue is proper as to the Fragomen Defendants.

8.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

## **FACTUAL BACKGROUND**

9.    Mr. Freel denies the allegations of paragraph 9, except admits the allegations of the first sentence.

10.    Mr. Freel denies the allegations of paragraph 10.

11.    Mr. Freel denies the allegations of paragraph 11.

12.     Mr. Freel admits that immigration services have become an important part of conducting international commerce for some companies, and denies the remaining allegations of paragraph 12.

13.     Mr. Freel admits the allegations of paragraph 13.

14.     Mr. Freel denies the allegations of paragraph 14.

15.     Mr. Freel admits the allegations of the first and third sentences of paragraph 15, and denies knowledge or information sufficient to form a belief as to the current offices and activities of Emigra alleged in paragraph 15.

16.     Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.     Mr. Freel denies the allegations of paragraph 17.

18.     Mr. Freel denies the allegations of paragraph 18.

19.     Mr. Freel admits the allegations contained in the last sentence of paragraph 19 to the extent they accurately quote Fragomen's website, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19.

20.     Mr. Freel denies the allegations of paragraph 20, except that he admits that the statements attributed to Fragomen LLP's website are quoted accurately and that a Fragomen advertisement appeared in the December 5, 2007 issue of <u>Globility</u>.

21.     Mr. Freel denies the allegations of paragraph 21.

22.     Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23.     Mr. Freel denies the allegations of paragraph 23.

24.     Mr. Freel denies the allegations of paragraph 24.

25.     Mr. Freel admits the allegations contained in the first sentence, and denies the remaining allegations of paragraph 25.

26.     Mr. Freel denies the allegations of paragraph 26, except that he admits that the excerpt from Fragomen's website is quoted accurately.

27.     Mr. Freel denies the allegations of paragraph 27.

28.     Mr. Freel denies the allegations of paragraph 28.

29.     Mr. Freel denies the allegations of paragraph 29.

30.     Mr. Freel denies the allegations of paragraph 30.

31.     Mr. Freel admits that he was an officer of Emigra and reported to Emigra's CEO, and denies the remaining allegations of paragraph 31.

32.     Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, except he admits that he was an officer of Emigra.

33.     In response to paragraph 33, Mr. Freel admits that he was an officer of Emigra and had knowledge of various of Emigra's business strategies, results, and personnel, but denies that all such information was confidential and/or constituted trade secrets.

34.     Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35.     Mr. Freel denies the allegations of paragraph 35.

36.     Mr. Freel denies the allegations of paragraph 36.

37.     Mr. Freel denies the allegations of paragraph 37.

38.     Mr. Freel denies the allegations of paragraph 38.

39.     Mr. Freel denies the allegations of paragraph 39.

40.    In response to paragraph 40, Mr. Freel admits that on August 15, 2005, he signed a document entitled "Client Confidentiality Statement."

41.    Mr. Freel denies the allegations of paragraph 41.

42.    Mr. Freel admits the allegations of paragraph 42.

43.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44.    In response to paragraph 44, Mr. Freel states that he believes that he signed a form acknowledging his receipt of the Employee Handbook.

45.    In response to paragraph 45, Mr. Freel admits that he resigned from Emigra on September 19, 2007, and started employment with a Fragomen Defendant on October 1, 2007.

46.    In response to paragraph 46, Mr. Freel admits that he negotiated the terms of his new employment while employed by, and with the knowledge of, Emigra.

47.    In response to paragraph 47, Mr. Freel states that he fully disclosed to Emigra management the fact that he had been solicited by a competitor for a high-level position and the material terms of that offer.

48.    Mr. Freel denies the allegations of paragraph 48.

49.    Mr. Freel denies the allegations of paragraph 49.

50.    Mr. Freel denies the allegations of paragraph 50.

51.    Mr. Freel denies the allegations of paragraph 51.

52.    Mr. Freel denies the allegations of paragraph 52.

53.    Mr. Freel denies the allegations of paragraph 53.

54.    Mr. Freel denies the allegations of paragraph 54.

55.    Mr. Freel denies the allegations of paragraph 55.

56.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61.    Mr. Freel denies the allegations of paragraph 61.

62.    Mr. Freel denies the allegations of paragraph 62.

63.    Mr. Freel denies the allegations of paragraph 63.

64.    Mr. Freel denies the allegations of paragraph 64.

65.    Mr. Freel denies the allegations of paragraph 65.

66.    Mr. Freel denies the allegations of paragraph 66.

67.    Mr. Freel denies the allegations of paragraph 67.

68.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69.    Mr. Freel denies the allegations of paragraph 69.

70.    Mr. Freel denies the allegations of paragraph 70.

71.    Mr. Freel denies the allegations of paragraph 71.

72.     In response to paragraph 72, Mr. Freel admits that while employed at Emigra, he was aware of Emigra's plan to open an office in Japan and was involved in that project.

73.     Mr. Freel denies the allegations of paragraph 73.

74.     Mr. Freel denies the allegations of paragraph 74.

75.     Mr. Freel denies the allegations of paragraph 75.

76.     Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76.

77.     Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77.

78.     Mr. Freel denies the allegations of paragraph 78.

79.     Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.

80.     Mr. Freel denies the allegations of paragraph 80.

81.     Mr. Freel denies the allegations of paragraph 81.

82.     Mr. Freel denies that he informed Fragomen of such plans in Japan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 82.

83.     Mr. Freel denies the allegations of paragraph 83.

84.     Mr. Freel denies the allegations of paragraph 84.

85.     Mr. Freel denies the allegations of paragraph 85.

86.     Mr. Freel states that the allegations of paragraph 86 are legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Mr. Freel

denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86.

87.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87.

88.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88.

89.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89.

90.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90.

91.    Mr. Freel denies the allegations of paragraph 91.

92.    Mr. Freel denies the allegations of paragraph 92.

93.    Mr. Freel denies the allegations of paragraph 93.

94.    Mr. Freel denies knowledge or information sufficient to form a belief as to what Emigra believes, and denies the remaining allegations of paragraph 94.

95.    Mr. Freel denies the allegations of paragraph 95.

## COUNT I

**(Alleged Acquiring, Enhancing and Maintaining Monopoly Power)**

96.    Mr. Freel repeats and realleges the foregoing responses as if set forth fully herein.

97.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97.

8

98.     Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98.

99.     Mr. Freel denies the allegations of paragraph 99.

100.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100.

101.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101.

102.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102.

103.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103.

104.    Mr. Freel denies the allegations of paragraph 104.

105.    Mr. Freel states that the allegations of paragraph 105 are legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105.

106.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106.

107.    Mr. Freel denies the allegations of paragraph 107.

108.    Mr. Freel denies the allegations of paragraph 108.

109.    Mr. Freel denies the allegations of paragraph 109.

110.    Mr. Freel denies the allegations of paragraph 110.

111.    Mr. Freel denies the allegations of paragraph 111.

112.    Mr. Freel denies the allegations of paragraph 112.

## COUNT II

### (Alleged Conspiracy to Monopolize)

113.    Mr. Freel repeats and realleges the foregoing responses as if set forth fully herein.

114.    Mr. Freel denies the allegations of paragraph 114.

115.    Mr. Freel denies the allegations of paragraph 115.

116.    Mr. Freel denies the allegations of paragraph 116.

117.    Mr. Freel states that the allegations of paragraph 117 are legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Mr. Freel denies the allegations of paragraph 117.

118.    Mr. Freel denies the allegations of paragraph 118.

119.    Mr. Freel denies the allegations of paragraph 119.

120.    Mr. Freel denies the allegations of paragraph 120.

121.    Mr. Freel denies the allegations of paragraph 121.

122.    Mr. Freel denies the allegations of paragraph 122.

123.    Mr. Freel denies the allegations of paragraph 123.

## COUNT III

### (Alleged Attempt to Monopolize)

124.    Mr. Freel repeats and realleges the foregoing responses as if set forth fully herein.

125.    Mr. Freel denies the allegations of paragraph 125.

126.    Mr. Freel denies the allegations of paragraph 126.

127.    Mr. Freel denies the allegations of paragraph 127.

128.    Mr. Freel denies the allegations of paragraph 128.

129.    Mr. Freel denies the allegations of paragraph 129.

130.    Mr. Freel states that the allegations of paragraph 130 are legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Mr. Freel denies the allegations of paragraph 130.

131.    Mr. Freel denies the allegations of paragraph 131.

132.    Mr. Freel denies the allegations of paragraph 132.

133.    Mr. Freel denies the allegations of paragraph 133.

134.    Mr. Freel denies the allegations of paragraph 134.

135.    Mr. Freel denies the allegations of paragraph 135.

136.    Mr. Freel denies the allegations of paragraph 136.

## COUNT IV

### (Alleged Unlawful Horizontal Agreement In Restraint of Trade)

137.    Mr. Freel repeats and realleges the foregoing responses as if set forth fully herein.

138.    Mr. Freel denies the allegations of paragraph 138.

139.    Mr. Freel denies the allegations of paragraph 139.

140.    Mr. Freel denies the allegations of paragraph 140.

141.    Mr. Freel states that the allegations of paragraph 141 are legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Mr. Freel denies the allegations of paragraph 141.

142.    Mr. Freel denies the allegations of paragraph 142.

143.    Mr. Freel denies the allegations of paragraph 143.

144.    Mr. Freel denies the allegations of paragraph 144.

145.    Mr. Freel denies the allegations of paragraph 145.

146.    Mr. Freel denies the allegations of paragraph 146.

147.    Mr. Freel denies the allegations of paragraph 147.

148.    Mr. Freel denies the allegations of paragraph 148.

<u>COUNT V</u>

**(Alleged Unlawful Vertical Agreement In Restraint of Trade)**

149.    Mr. Freel repeats and realleges the foregoing responses as if set forth fully herein.

150.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 150.

151.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 151.

152.    Mr. Freel denies the allegations of paragraph 152.

153.    Mr. Freel states that the allegations of paragraph 153 are legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Mr. Freel denies the allegations of paragraph 153.

154.    Mr. Freel denies the allegations of paragraph 154.

155.    Mr. Freel denies the allegations of paragraph 155.

156.    Mr. Freel denies the allegations of paragraph 156.

157.    Mr. Freel denies the allegations of paragraph 157.

158.    Mr. Freel denies the allegations of paragraph 158.

159.    Mr. Freel denies the allegations of paragraph 159.

160.    Mr. Freel denies the allegations of paragraph 160.

## COUNT VI

**(Alleged Unfair Competition – Misappropriation of Trade Secrets)**

161.    Mr. Freel repeats and realleges the foregoing responses as if set forth fully herein.

162.    Mr. Freel states that the allegations of paragraph 162 are legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Mr. Freel denies that the allegations of paragraph 162 state a full definition of what constitutes a "trade secret" under New York law.

163.    Mr. Freel denies knowledge or information sufficient to form a belief at to the truth of the allegations of paragraph 163.

164.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 164.

165.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165.

166.    Mr. Freel denies the allegations of paragraph 166.

167.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 167.

168.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 168.

169.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 169.

170.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 170, except that he admits that he was an officer of Emigra.

171.    Mr. Freel denies the allegations of paragraph 171.

172.    Mr. Freel denies the allegations of paragraph 172.

173.    Mr. Freel denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph the allegations of paragraph 173.

174.    Mr. Freel denies the allegations of paragraph 174.

175.    Mr. Freel denies the allegations of paragraph 175.

176.    Mr. Freel denies the allegations of paragraph 176.

## COUNT VII

### (Alleged Breach of Fiduciary Duty)

177.    Mr. Freel repeats and realleges the foregoing responses as if set forth fully herein.

178.    Mr. Freel states that the allegations of paragraph 178 are legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Mr. Freel admits that he was an officer of Emigra and denies the remaining allegations of paragraph 178.

179.    Mr. Freel states that the allegations of paragraph 179 are legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Mr. Freel states that he exercised the utmost good faith and loyalty at all times in the performance of his duties at Emigra.

180.    Mr. Freel denies the allegations of paragraph 180.

181.    Mr. Freel denies the allegations of paragraph 181.

182.    Mr. Freel denies the allegations of paragraph 182.

## COUNT VIII

**(Alleged Tortious Interference with Contract)**

183.    Mr. Freel repeats and realleges the foregoing responses as if set forth fully herein.

184.    Mr. Freel admits the allegations of paragraph 184.

185.    In response to paragraph 185, Mr. Freel admits that he had knowledge of certain contracts with customers while at Emigra, and denies knowledge or information sufficient to form a belief as to the truth of such allegations insofar as they relate to the Fragomen Defendants.

186.    Mr. Freel denies the allegations of paragraph 186.

187.    Mr. Freel denies the allegations of paragraph 187.

188.    Mr. Freel denies the allegations of paragraph 188.

189.    Mr. Freel denies the allegations of paragraph 189.

## COUNT IX

**(Alleged Tortious Interference with Prospective Advantage)**

190.    Mr. Freel repeats and realleges the foregoing responses as if set forth fully herein.

191.    Mr. Freel admits that he was aware of a business relationship between Emigra and a Japanese vendor, and denies the remaining allegations of paragraph 191.

192.    Mr. Freel denies the allegations of paragraph 192.

193.    Mr. Freel denies the allegations of paragraph 193.

194.    Mr. Freel denies the allegations of paragraph 194.

195.    Mr. Freel denies the allegations of paragraph 195.

196.    Mr. Freel denies the allegations of paragraph 196.

## COUNT X

### (Alleged Breach of Contract)

197.    Mr. Freel repeats and realleges the foregoing responses as if set forth fully herein.

198.    Mr. Freel states that the allegation set forth in paragraph 198 is a legal conclusion to which no response is required.  To the extent a response may be deemed necessary, Mr. Freel denies the allegations of paragraph 198.

199.    Mr. Freel denies the allegations of paragraph 199.

200.    Mr. Freel denies the allegations of paragraph 200.

201.    Mr. Freel denies the allegations of paragraph 201.

202.    Mr. Freel denies the allegations of paragraph 202.

## COUNT XI

### (Alleged Unjust Enrichment)

203.    Mr. Freel repeats and realleges the foregoing responses as if set forth fully herein.

204.    Mr. Freel denies the allegations of paragraph 204.

205.    Mr. Freel denies the allegations of paragraph 205.

206.    Mr. Freel denies the allegations of paragraph 206.

207.    Mr. Freel denies the allegations of paragraph 207.

## AFFIRMATIVE DEFENSES

208.    Emigra's Complaint fails to state a claim upon which relief can be granted.

209.    Emigra's Complaint must be dismissed because this Court lacks personal jurisdiction over Mr. Freel.

210.    Emigra's antitrust claims are barred because Emigra cannot establish that Fragomen had, or exercised, market power in an appropriately defined product or service market.

211.    Emigra's antitrust claims are barred because Emigra cannot establish any improper exclusionary conduct.

212.    Emigra's antitrust claims are barred because any advantage Fragomen has gained in the competitive marketplace is the result of superior skill, foresight, and industry.

213.    Emigra's antitrust claims under Section 1 of the Sherman Act are barred because Emigra cannot establish an unlawful agreement.

214.    Emigra's antitrust claims under Section 1 of the Sherman Act are barred because Emigra cannot establish an adverse effect on competition as a whole in the relevant market.

215.    Emigra's claims are barred because the information at issue did not constitute protectable trade secrets.

216.    Emigra's claims are barred because Emigra did not take sufficient measures to protect the secrecy of the information at issue.

217.    Emigra's claims are barred because the information at issue was generally known and/or readily ascertainable through proper means.

218. The conduct challenged by Emigra is not wrongful, as demonstrated by the fact that Emigra has engaged in the same or similar conduct. This includes, but is not limited to, actions of Emigra in connection with:

(a) the hiring and/or solicitation of Fragomen employees in the United States, Australia, Asia and London;

(b) the hiring of Mr. Freel after he had previously worked at Fragomen;

(c) solicitations to Fragomen clients after hirings of Fragomen employees; and

(d) the hiring of a senior employee from the Japanese vendor described in paragraph 74 of the Complaint.

219. The claims asserted and relief sought by Emigra are barred by professional responsibility rules applicable to the practice of law.

220. The Court should not exercise jurisdiction over the state law claims asserted by Emigra if and when the antitrust claims in the Complaint are dismissed.

221. The Southern District of New York is not an appropriate or convenient forum for resolving claims based on alleged conduct that occurred outside the U.S. and affected non-U.S. markets.

222. The claims asserted and relief sought by Emigra are barred under antitrust law because Emigra seeks to reduce competition concerning clients and employees.

223. The purported damages claimed by Emigra are speculative and are unrecoverable as a matter of law.

224.    Emigra is not entitled to injunctive relief because it cannot establish irreparable harm, likelihood of success on the merits of its claims, or a balance of equities tilting in its favor.

## COUNTERCLAIMS OF RYAN MATTHEW FREEL

Defendant Ryan Matthew Freel, for his Counterclaims against plaintiff Emigra, states as follows:

## THE PARTIES

225.    Ryan Matthew Freel is a former employee of Emigra.  At all times relevant to the Complaint and to these Counterclaims, Mr. Freel was a resident of the State of Illinois.  He currently resides in Roselle, Illinois.

226.    According to its Complaint, Emigra Group, LLC is a Delaware limited liability corporation with its principal place of business in Vienna, Virginia.

227.    Mr. Freel was employed in various capacities by Emigra between August 15, 2005 and September 5, 2007.

## JURISDICTION AND VENUE

228.    Subject to Mr. Freel's Affirmative Defenses and denials, including those concerning the Court's lack of personal jurisdiction over him, Mr. Freel alleges that this Court has jurisdiction over the subject matter of these Counterclaims, under, without limitation, 28 U.S.C. §1367, and venue for these Counterclaims is proper in this district.

229.    This Court has personal jurisdiction over Emigra.

**FACTUAL BACKGROUND**

**Breaches of Mr. Freel's June 13, 2005 Employment Agreement**

230.    Ryan Freel began employment at Emigra on August 15, 2005, pursuant to an employment agreement dated June 13, 2005.

231.    The June 13, 2005 employment agreement was signed by Mr. Freel and Bradley H. Cary, CEO of Emigra Group, LLC.

232.    Among other provisions, Mr. Freel's employment agreement provided that in addition to an annual salary, he would be eligible for a bonus based on a plan that he would develop along with Emigra's management.  According to Mr. Freel's employment contract, the target bonus would be $25,000 annually.

233.    In addition, Mr. Freel's employment agreement further provided that he would be entitled to participate in an Emigra stock option plan to be introduced by February 15, 2006 at the latest.  In the event that Emigra did not introduce such a plan, Mr. Freel's salary would be increased to $140,000 annually.

234.    The agreement made clear that "Emigra adheres to a policy of employment at will with either party able to terminate the employment relationship at any time for any reason."

235.    Emigra did not introduce a stock option plan by February 15, 2006.

236.    Contrary to Mr. Freel's employment agreement, Mr. Freel's salary was not increased to $140,000 on an annual basis when it should have been.

237.    Based on Mr. Freel's outstanding performance and demonstrated commitment to Emigra during his first year of work, in August 2006, he was awarded the full $25,000 bonus pursuant to his employment agreement.

238.    Despite the fact that pursuant to his employment agreement, Mr. Freel should have been paid the bonus on or around August 15, 2006, he did not receive the promised bonus until November 15, 2006 – three months later.

## Breaches of Mr. Freel's August 15, 2006 Employment Agreement

239.    On or around August 15, 2006, Emigra and Mr. Freel entered into an employment agreement covering the year beginning on August 15, 2006 (the "2006 Employment Agreement").  That agreement was entered into between Mr. Freel and Bradley H. Cary, CEO of Emigra Group, LLC.

240.    Pursuant to the 2006 Employment Agreement, Mr. Freel was entitled to a bonus of $15,000 if: (i) "quality standards are maintained at minimum average quality score of 4.5 [or similar standard if we change the evaluation system]"; and (ii) "we meet our profitability target, which is positive, cumulatively for the period July 1, 2006 to June 30, 2007."  The agreement went on to say, "We can look at how you to [sic] measure and define profitability."

241.    Mr. Freel's performance for the period July 1, 2006 to June 30, 2007 was even better than his previous year's performance – which Emigra had said "exceeded high expectations."

242.    During that time period, Mr. Freel assumed responsibility for additional offices beyond those in Houston, Hong Kong and Singapore.  As of March 1, 2007, he was asked to also manage Emigra's offices in Belgium, the United Kingdom, Barcelona, Madrid and Raleigh, North Carolina.  As of August 1, 2007, he was asked to also take over and manage Emigra's offices in Switzerland and Australia.

243.    During his two-year tenure at Emigra, Mr. Freel logged more than 300,000 miles on behalf of the Company traveling to the various offices he managed, and placed $245,000 of Company expenses onto his personal credit card at Emigra's request.

244.    In addition, during the relevant period, Emigra's revenues (case billings) jumped approximately 70-75% over those of the prior year as the Company scored several major client wins with Mr. Freel's hard work.

245.    Upon information and belief, most, if not all, of the offices under Mr. Freel's management were profitable during the relevant period.  Accordingly, Mr. Freel met his "cumulative" profitability target and he was owed the $15,000 bonus set forth in the 2006 Employment Agreement.

246.    Mr. Freel should have been paid his earned bonus on or around June 30, 2007.  He was not so paid, in violation of the 2006 Employment Agreement.

247.    Despite several requests from Mr. Freel between June 30, 2007 and the time of his departure from Emigra to discuss his performance and his attainment of the bonus targets, Emigra management never responded and never paid him the bonus owed.

248.    Mr. Freel resigned from Emigra on September 5, 2007.  When he asked about the bonus he had already earned, Mr. Freel was told he would receive nothing because, according to the Company, "[n]either the company as a whole, nor the offices for which you were directly responsible, achieved profitability for the bonus period in aggregate."

## COUNT I

### (Breach of Contract: June 13, 2005 Agreement)

249.    Mr. Freel repeats and realleges paragraphs 225 through 248 as if fully set forth herein.

250.    The June 13, 2005 employment agreement signed by Mr. Freel and Bradley Cary was a contract.

251.    Mr. Freel fully performed his obligations under the contract.

252.    Emigra failed to fully perform its obligations under the contract.

253.    As a result of the foregoing, Mr. Freel has been damaged in an amount to be determined at trial.

## COUNT II

### (Breach of Contract: 2006 Employment Agreement)

254.    Mr. Freel repeats and realleges paragraphs 225 through 253 as if fully set forth herein.

255.    The 2006 employment agreement entered into between Mr. Freel and Emigra was a contract.

256.    Mr. Freel fully performed his obligations under the contract.

257.    Emigra failed to fully perform its obligations under the contract.

258.    Emigra breached its duty of good faith and fair dealing with respect to the contract.

259.    As a result of the foregoing, Mr. Freel has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Freel respectfully requests that this Court enter judgment for the following relief:

(a) Awarding Mr. Freel compensatory damages in an amount to be determined at trial;

(b) Awarding pre-judgment and post-judgment interest on his damages;

(c) Granting Mr. Freel's costs, including a reasonable attorney's fee, as provided

by law;

(d) Entering judgment dismissing the Complaint and all claims asserted therein

against Mr. Freel with prejudice; and

(e) Such other and further relief as the Court may deem just and proper

Dated:    New York, New York
          February 22, 2008

GISKAN, SOLOTAROFF & ANDERSON LLP

By:    __/s/Darnley Stewart_____
              Darnley D. Stewart (DS-0835)

11 Broadway, Suite 2150
New York, New York 10004
Tel: (212) 500-5106

*Counsel to Defendant Ryan Matthew Freel*