UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
EMIGRA GROUP, LLC,
                                                      :
                    Plaintiff,
                                                      :          No. 07-cv-10688 (LAK) (HP)
          --against--
                                                      :          ECF CASE
FRAGOMEN, DEL REY, BERNSEN & LOEWY,
LLP; FRAGOMEN, DEL REY, BERNSEN &                     :
LOEWY II, LLP; FRAGOMEN GLOBAL
IMMIGRATION SERVICES, LLC; FRAGOMEN                   :
GLOBAL LLP; AND RYAN MATTHEW FREEL,
                                                      :
                    Defendants.
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ANSWER TO AMENDED COMPLAINT

          Defendants Fragomen, Del Rey, Bernsen & Loewy, LLP; Fragomen, Del Rey, Bernsen &

Loewy II, LLP; Fragomen Global Immigration Services, LLC; and Fragomen Global LLP

(together "Fragomen") respond to plaintiff's Amended Complaint dated December 21, 2007 (the

"Complaint") as follows:

          1.          Fragomen denies knowledge or information sufficient to form a belief as

to the truth of the allegations of paragraph 1.

          2.          Fragomen admits the allegations of subpart (a) of paragraph 2; admits that

Fragomen Global and Fragomen Global Immigration are affiliates of Fragomen LLP; admits that

Fragomen LLP provides legal advice and representation in immigration law matters; admits that

Emigra purports to refer to the four entity defendants in this case as the "Fragomen Defendants";

and denies the remaining allegations of paragraph 2.

3.    Fragomen admits the allegations of paragraph 3.

4.    Fragomen admits that Emigra purports to bring this action under the

provisions of law cited in paragraph 4.

5.    Fragomen admits that this Court has subject matter jurisdiction over the

purported claims Emigra has asserted unless or until the federal claims asserted in the case are

dismissed.

6.    Fragomen denies the allegations of paragraph 6, except that it admits that

the Court has personal jurisdiction over Fragomen and denies knowledge or information

sufficient to form a belief as to whether the Court has personal jurisdiction over Defendant Freel.

7.    Fragomen denies the allegations of paragraph 7, except that it admits that

venue is proper as to Fragomen and denies knowledge or information sufficient to form a belief

as to whether venue is proper as to Defendant Freel.

8.    Fragomen admits that Fragomen LLP and Fragomen Global Immigration,

among other things, assist moves of U.S. employees across international boundaries and are

engaged in interstate and foreign commerce and commerce within the State of New York, but

denies knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of paragraph 8.

9.    Fragomen denies the allegations of paragraph 9, except admits the

allegations of the first sentence.

10.    Fragomen denies the allegations of paragraph 10.

11.    Fragomen denies the allegations of paragraph 11.

12.     Fragomen admits that immigration services have become an important part of conducting international commerce for some companies, and denies the remaining allegations of paragraph 12.

13.     Fragomen admits the allegations of paragraph 13.

14.     Fragomen denies the allegations of paragraph 14.

15.     Fragomen denies knowledge or information sufficient to form a belief as to the offices and activities of Emigra alleged in paragraph 15.  Fragomen admits the allegation of paragraph 15 insofar as they relate to Fragomen.

16.     Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.     Fragomen denies the allegations of paragraph 17.

18.     Fragomen denies the allegations of paragraph 18.

19.     Fragomen admits the allegations of paragraph 19, except that it denies that the Fragomen defendants have market power either singly or cumulatively.

20.     Fragomen denies the allegations of paragraph 20, except that it admits the truth of the statements quoted from its website, admits that a Fragomen advertisement appeared in the December 5, 2007 issue of Globility, and denies that the quoted statement is a full description of the contents of the advertisement.

21.     Fragomen denies the allegations of paragraph 21.

22.     Fragomen denies the allegations of paragraph 22.

23.     Fragomen denies the allegations of paragraph 23.

24.     Fragomen denies the allegations of paragraph 24.

25.     Fragomen denies the allegations of paragraph 25, except denies knowledge or information sufficient to form a belief as to the truth of the first sentence.

26.     Fragomen denies the allegations of paragraph 26, except that it admits that the excerpt quoted from its website was accurate to the best of its information and belief.

27.     Fragomen denies the allegations of paragraph 27.

28.     Fragomen denies the allegations of paragraph 28.

29.     Fragomen denies the allegations of paragraph 29.

30.     Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31.     Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32.     Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33.     Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34.     Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35.     Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36.     Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37.     Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38.    Fragomen denies knowledge or information sufficient to form a belief as to what steps Emigra purportedly took to protect the confidentiality of information.

39.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 except that it admits that Freel has undertaken employment with a Fragomen Defendant.

46.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48.    Fragomen denies the allegations of paragraph 48.

49.    Fragomen denies the allegations of paragraph 49.

50.    Fragomen denies the allegations of paragraph 50.

51.    Fragomen denies the allegations of paragraph 51.

52.    Fragomen denies the allegations of paragraph 52.

53.    Fragomen denies the allegations of paragraph 53.

54.    Fragomen denies the allegations of paragraph 54.

55.    Fragomen denies the allegations of paragraph 55.

56.    Fragomen denies the allegations of paragraph 56.

57.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62.

63.    Fragomen denies the allegations of paragraph 63.

64.    Fragomen denies the allegations of paragraph 64.

65.    Fragomen denies the allegations of paragraph 65.

66.    Fragomen denies the allegations of paragraph 66.

67.    Fragomen denies the allegations of paragraph 67.

68.    Fragomen denies the allegations of paragraph 68.

69.    Fragomen denies the allegations of paragraph 69.

70.    Fragomen denies the allegations of paragraph 70.

71.    Fragomen denies the allegations of paragraph 71.

72.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72.

73.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73.

74.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74.

75.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75.

76.    Fragomen denies the allegations of paragraph 76.

77.    Fragomen denies the allegations of paragraph 77.

78.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78.

79.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.

80.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81.    Fragomen denies the allegations of paragraph 81.

82.    Fragomen denies it was aware of Emigra's plans in Japan or that it was informed of such plans by Freel and otherwise denies the allegations of paragraph 82.

83.    Fragomen denies the allegations of paragraph 83.

84.    Fragomen denies the allegations of paragraph 84.

85.    Fragomen denies the allegations of paragraph 85.

86.    Fragomen states that the allegations of paragraph 86 are legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Fragomen denies the allegations of paragraph 86.

87.    Fragomen denies the allegations of paragraph 87.

88.    Fragomen denies the allegations of paragraph 88.

89.    Fragomen denies the allegations of paragraph 89.

90.    Fragomen denies the allegations of paragraph 90.

91.    Fragomen denies the allegations of paragraph 91.

92.    Fragomen denies the allegations of paragraph 92.

93.    Fragomen denies the allegations of paragraph 93.

94.    Fragomen denies the allegations of paragraph 94, except denies knowledge or information sufficient to form a belief as to what Emigra truly believes.

95.    Fragomen denies the allegations of paragraph 95.

96.    Fragomen repeats and realleges the foregoing responses as if set forth fully herein.

97.    Fragomen denies the allegations of paragraph 97.

98.    Fragomen denies the allegations of paragraph 98.

99.    Fragomen denies the allegations of paragraph 99.

100.    Fragomen denies the allegations of paragraph 100.

101.    Fragomen denies the allegations of paragraph 101.

102.    Fragomen denies the allegations of paragraph 102.

103.    Fragomen denies the allegations of paragraph 103, including the allegation

that they have acquired, enhanced or maintained any kind or degree of monopoly power.

104.    Fragomen denies the allegations of paragraph 104.

105.    Fragomen denies the allegations of paragraph 105.

106.    Fragomen denies the allegations of paragraph 106.

107.    Fragomen denies the allegations of paragraph 107.

108.    Fragomen denies the allegations of paragraph 108.

109.    Fragomen denies the allegations of paragraph 109.

110.    Fragomen denies the allegations of paragraph 110.

111.    Fragomen denies the allegations of paragraph 111.

112.    Fragomen denies the allegations of paragraph 112.

113.    Fragomen repeats and realleges the foregoing responses as if set forth

fully herein.

114.    Fragomen denies the allegations of paragraph 114.

115.    Fragomen denies the allegations of paragraph 115.

116.    Fragomen denies the allegations of paragraph 116.

117.    Fragomen denies the allegations of paragraph 117.

118.    Fragomen denies the allegations of paragraph 118.

119.    Fragomen denies the allegations of paragraph 119.

120.    Fragomen denies the allegations of paragraph 120.

121.    Fragomen denies the allegations of paragraph 121.

122.    Fragomen denies the allegations of paragraph 122.

123.    Fragomen denies the allegations of paragraph 123.

124.    Fragomen repeats and realleges the foregoing responses as if set forth fully herein.

125.    Fragomen denies the allegations of paragraph 125.

126.    Fragomen denies the allegations of paragraph 126.

127.    Fragomen denies the allegations of paragraph 127.

128.    Fragomen denies the allegations of paragraph 128.

129.    Fragomen denies the allegations of paragraph 129.

130.    Fragomen denies the allegations of paragraph 130.

131.    Fragomen denies the allegations of paragraph 131.

132.    Fragomen denies the allegations of paragraph 132.

133.    Fragomen denies the allegations of paragraph 133.

134.    Fragomen denies the allegations of paragraph 134.

135.    Fragomen denies the allegations of paragraph 135.

136.    Fragomen denies the allegations of paragraph 136.

137.    Fragomen repeats and realleges the foregoing responses as if set forth fully herein.

138.    Fragomen denies the allegations of paragraph 138.

139.    Fragomen denies the allegations of paragraph 139.

140.    Fragomen denies the allegations of paragraph 140.

141.    Fragomen denies the allegations of paragraph 141.

142.    Fragomen denies the allegations of paragraph 142.

143.    Fragomen denies the allegations of paragraph 143.

144.    Fragomen denies the allegations of paragraph 144.

145.    Fragomen denies the allegations of paragraph 145.

146.    Fragomen denies the allegations of paragraph 146.

147.    Fragomen denies the allegations of paragraph 147.

148.    Fragomen denies the allegations of paragraph 148.

149.    Fragomen repeats and realleges the foregoing responses as if set forth fully herein.

150.    Fragomen denies the allegations of paragraph 150.

151.    Fragomen denies the allegations of paragraph 151.

152.    Fragomen denies the allegations of paragraph 152, including the allegation that there is a restraint.

153.    Fragomen denies the allegations of paragraph 153.

154.    Fragomen denies the allegations of paragraph 154.

155.    Fragomen denies the allegations of paragraph 155.

156.    Fragomen denies the allegations of paragraph 156.

157.    Fragomen denies the allegations of paragraph 157.

158.    Fragomen denies the allegations of paragraph 158.

159.    Fragomen denies the allegations of paragraph 159.

160.    Fragomen denies the allegations of paragraph 160.

161.    Fragomen repeats and realleges the foregoing responses as if set forth fully herein.

162.    Fragomen denies that the allegations of paragraph 162 state a full definition of what constitutes a "trade secret" under New York law.

163.    Fragomen denies knowledge or information sufficient to form a belief at to the truth of the allegations of paragraph 163.

164.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 164.

165.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165.

166.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 166.

167.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 167.

168.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 168.

169.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 169.

170.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 170.

171.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 171.

172.    Fragomen s denies the allegations of paragraph 172.

173.    Fragomen s denies the allegations of paragraph 173.

174.    Fragomen denies the allegations of paragraph 174 insofar as they relate to Fragomen and denies knowledge or information sufficient to form a belief as to the truth of such allegations insofar as they relate to Defendant Freel.

175.    Fragomen denies the allegations of paragraph 175.

176.    Fragomen denies the allegations of paragraph 176.

177.    Fragomen repeats and realleges the foregoing responses as if set forth fully herein.

178.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 178.

179.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 179.

180.    Fragomen denies the allegations of paragraph 180.

181.    Fragomen denies the allegations of paragraph 181.

182.    Fragomen denies the allegations of paragraph 182.

183.    Fragomen repeats and realleges the foregoing responses as if set forth fully herein.

184.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 184.

185.    Fragomen denies the allegations of paragraph 185 insofar as they relate to the Fragomen Defendants and denies knowledge or information sufficient to form a belief as to the truth of such allegations insofar as they relate to Defendant Freel.

186.    Fragomen denies the allegations of paragraph 186.

187.    Fragomen denies the allegations of paragraph 187 including the allegation that such alleged actions occurred.

188.    Fragomen denies the allegations of paragraph 188.

189.    Fragomen denies the allegations of paragraph 189.

190.    Fragomen repeats and realleges the foregoing responses as if set forth fully herein.

191.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 191.

192.    Fragomen denies the allegations of paragraph 192.

193.    Fragomen denies the allegations of paragraph 193.

194.    Fragomen denies the allegations of paragraph 194.

195.    Fragomen denies the allegations of paragraph 195.

196.    Fragomen denies the allegations of paragraph 196.

197.    Fragomen repeats and realleges the foregoing responses as if set forth fully herein.

198.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 198.

199.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 199.

200.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 200.

201.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 201.

202.    Fragomen denies the allegations of paragraph 202.

203.    Fragomen repeats and realleges the foregoing responses as if set forth fully herein.

204.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 204.

205.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 205.

206.    Fragomen denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 206.

207.    Fragomen denies the allegations of paragraph 207.

### AFFIRMATIVE DEFENSES

208.    Emigra's Complaint fails to state a claim upon which relief can be granted.

209.    Emigra's antitrust claims are barred because Emigra cannot establish that Fragomen had, or exercised, market power in an appropriately defined product or service market.

210.    Emigra's antitrust claims are barred because Emigra cannot establish any improper exclusionary conduct.

211.    Emigra's antitrust claims are barred because any advantage Fragomen has gained in the competitive marketplace is the result of superior skill, foresight, and industry.

212.    Emigra's antitrust claims under Section 1 of the Sherman Act are barred because Emigra cannot establish an unlawful agreement.

213. Emigra's antitrust claims under Section 1 of the Sherman Act are barred because Emigra cannot establish an adverse effect on competition as a whole in the relevant market.

214. Emigra's claims are barred because the information at issue did not constitute protectable trade secrets.

215. Emigra's claims are barred because Emigra did not take sufficient measures to protect the secrecy of the information at issue.

216. Emigra's claims are barred because the information at issue was generally known and/or readily ascertainable through proper means.

217. The conduct challenged by Emigra is not wrongful, as demonstrated by the fact that Emigra has engaged in the same or similar conduct. This includes, but is not limited to, actions of Emigra in connection with:

      a)    the hiring of Fragomen employees in the U.S., Australia, and London;

      b)    the hiring of Ryan Freel after Mr. Freel had previously worked at Fragomen;

      c)    solicitations to Fragomen clients after hirings of Fragomen employees;

      d)    the hiring of a senior employee from the Japanese vendor described in paragraph 74 of the Complaint.

218. The Court should not exercise jurisdiction over the state law claims asserted by Emigra if and when the antitrust claims in the Complaint are dismissed.

219. The Southern District of New York is not an appropriate or convenient forum for resolving claims based on alleged conduct that occurred outside the U.S. and affected non-U.S. markets.

220.    The claims asserted and relief sought by Emigra are barred by professional responsibility rules applicable to the practice of law.

221.    The claims asserted and relief sought by Emigra are barred under antitrust law because Emigra seeks to reduce competition concerning clients and employees.

222.    Emigra cannot recover based on its allegations concerning its Japanese office because, upon information and belief, Emigra may not be, or may not be perceived as, properly licensed to provide all of the services it purports to offer in Japan.

223.    The purported damages claimed by Emigra are speculative and are unrecoverable as a matter of law.

224.    Emigra is not entitled to injunctive relief because it cannot establish irreparable harm, likelihood of success on the merits of its claims, or a balance of equities tilting in its favor.

WHEREFORE, Fragomen respectfully requests that the Court enter judgment dismissing the Complaint and all claims asserted therein with prejudice, and awarding Fragomen attorneys' fees and costs and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          February 22, 2008

                                        COVINGTON & BURLING LLP


                                        By: /s/ C. William Phillips
                                            Charles E. Buffon
                                            C. William Phillips
                                            Andrew A. Ruffino
                                            Anna E. Lumelsky
                                        620 Eighth Avenue
                                        New York, New York 10018
                                        Tel: (212) 841-1000

                                        *Counsel to Defendants Fragomen, Del Rey,
                                        Bernsen & Loewy, LLP; Fragomen, Del Rey,
                                        Bernsen & Loewy II, LLP; Fragomen Global
                                        Immigration Services, LLC; and Fragomen Global
                                        LLP*