UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| EMIGRA GROUP, LLC,<br><br>        Plaintiff,<br><br>- v -<br><br>FRAGOMEN, DEL REY, BERNSEN & LOEWY, LLP,<br>FRAGOMEN, DEL REY, BERNSEN & LOEWY II, LLP,<br>FRAGOMEN GLOBAL IMMIGRATION SERVICES,<br>LLC, FRAGOMEN GLOBAL LLP, AND<br>RYAN MATTHEW FREEL,<br><br>        Defendants. | **07-cv-10688 (LAK)(HP)**<br><br>ECF CASE<br><br>**REPLY TO COUNTERCLAIMS**<br><br>JURY TRIAL DEMANDED |

---

    Emigra Group, LLC ("Emigra" or "Plaintiff") by its attorneys, Pinnisi & Anderson, LLP, in reply to the counterclaims contained in the Answer and Counterclaims of Defendant Ryan Matthew Freel ("Mr. Freel" or "Defendant"), states the following:

  1 – 207.  Plaintiff repeats and realleges paragraphs 1 through 207 of Plaintiff's Amended Complaint as if fully set forth herein.

  208.  The allegations of paragraph 208 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

  209.  The allegations of paragraph 209 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

210. The allegations of paragraph 210 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

211. The allegations of paragraph 211 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

212. The allegations of paragraph 212 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

213. The allegations of paragraph 213 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

214. The allegations of paragraph 214 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

215. The allegations of paragraph 215 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

216. The allegations of paragraph 216 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

217. The allegations of paragraph 217 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

218. The allegations of paragraph 218 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

219. The allegations of paragraph 219 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

220. The allegations of paragraph 220 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

221. The allegations of paragraph 221 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

222. The allegations of paragraph 222 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

223. The allegations of paragraph 223 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

224. The allegations of paragraph 224 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

225. Plaintiff admits that Mr. Freel is a former employee of Emigra. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 225 of Defendant's Answer and Counterclaims.

226. Plaintiff admits the allegations of paragraph 226 of Defendant's Answer and Counterclaims.

227. Plaintiff admits that it employed Mr. Freel in or around August 2005, admits that Mr. Freel terminated his employment with Plaintiff in or around September 2007, and denies the balance of the allegations of paragraph 227 of Defendant's Answer and Counterclaims.

228. Plaintiff admits that this Court has jurisdiction over the subject matter of Mr. Freel's counterclaims under 28 U.S.C. § 1367, and that venue for Mr. Freel's counterclaims is proper in this District. Plaintiff denies the balance of the allegations of paragraph 228 of Defendant's Answer and Counterclaims.

229. Plaintiff admits the allegation of paragraph 229 of Defendant's Answer and Counterclaims.

230. Plaintiff admits that it employed Mr. Freel in or around August 2005, denies that it had an employment agreement with Mr. Freel, and denies the balance of the allegations of paragraph 230 of Defendant's Answer and Counterclaims.

231. Plaintiff denies the allegations of paragraph 231 of Defendant's Answer and Counterclaims.

232. Plaintiff denies the allegations of paragraph 232 of Defendant's Answer and Counterclaims.

233. Plaintiff denies the allegations of paragraph 233 of Defendant's Answer and Counterclaims.

234. Plaintiff admits that Emigra has at-will employees, and denies the balance of the allegations of paragraph 234 of Defendant's Answer and Counterclaims.

235. Plaintiff denies the allegations of paragraph 235 of Defendant's Answer and Counterclaims.

236. Plaintiff denies the allegations of paragraph 236 of Defendant's Answer and Counterclaims.

237. Plaintiff admits that it paid Mr. Freel a $25,000 bonus and denies the balance of the allegations of paragraph 237 of Defendant's Answer and Counterclaims.

238. Plaintiff admits that it paid Mr. Freel a $25,000 bonus and denies the balance of the allegations of paragraph 238 of Defendant's Answer and Counterclaims.

239. Plaintiff denies the allegations of paragraph 239 of Defendant's Answer and Counterclaims.

240. Plaintiff denies the allegations of paragraph 240 of Defendant's Answer and Counterclaims.

241. Plaintiff denies the allegations of paragraph 241 of Defendant's Answer and Counterclaims.

242. Plaintiff admits that Mr. Freel had certain management responsibilities while employed with Plaintiff and denies the balance of the allegations of paragraph 242 of Defendant's Answer and Counterclaims.

243. Plaintiff admits that Mr. Freel traveled while employed by Plaintiff, admits that Mr. Freel incurred expenses while employed by Plaintiff, and denies the balance of the allegations of paragraph 243 of Defendant's Answer and Counterclaims.

244. Plaintiff denies the allegations of paragraph 244 of Defendant's Answer and Counterclaims.

245. Plaintiff denies the allegations of paragraph 245 of Defendant's Answer and Counterclaims.

246. Plaintiff denies the allegations of paragraph 246 of Defendant's Answer and Counterclaims.

247. Plaintiff denies the allegations of paragraph 247 of Defendant's Answer and Counterclaims.

248. Plaintiff denies the allegations of paragraph 248 of Defendant's Answer and Counterclaims.

249. Plaintiff repeats and realleges the foregoing responses as if fully set forth herein.

250. The allegations of paragraph 250 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

251. The allegations of paragraph 251 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

252. The allegations of paragraph 252 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

253. The allegations of paragraph 253 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

254. Plaintiff repeats and realleges the foregoing responses as if fully set forth herein.

255. The allegations of paragraph 255 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

256. The allegations of paragraph 256 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

257. The allegations of paragraph 257 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

258. The allegations of paragraph 258 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

259. The allegations of paragraph 259 of Defendant's Answer and Counterclaims state legal arguments and conclusions to which no response is required in this Reply, and to the extent a response is required, Plaintiff denies the allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

260. Mr. Freel's counterclaims are barred by the doctrine of laches.

### Second Affirmative Defense

261. Mr. Freel's counterclaims are barred by the doctrine of waiver.

### Third Affirmative Defense

262. Mr. Freel's counterclaims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

263. Mr. Freel has failed to state a cause of action upon which relief may be granted.

### Fifth Affirmative Defense

264. Mr. Freel's causes of action are barred by the applicable statutes of limitation.

### Sixth Affirmative Defense

265. If Mr. Freel was injured or damaged as claimed, such injury or damage was caused by his own culpable conduct, and was not caused by Plaintiff.

### Seventh Affirmative Defense

266. If Mr. Freel was injured or damaged as claimed, such injury or damage was caused by the culpable conduct of named Defendants other than Mr. Freel, and was not caused by Plaintiff.

### Eighth Affirmative Defense

267. Mr. Freel failed to mitigate his damages, if any, and this failure was the direct and proximate cause of any and all damages alleged to have been suffered by Mr. Freel.

### Ninth Affirmative Defense

268. Mr. Freel's claims against Plaintiff are barred because Mr. Freel has not suffered any legally cognizable injury arising from any act or omission of Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE**, Emigra respectfully requests that this Court enter judgment for the following relief:

(a) dismissing Mr. Freel's counterclaims in their entirety;

(b) awarding compensatory damages in an amount to be determined at trial;

(c) awarding treble damages pursuant to 15 U.S.C. § 15;

(d) awarding pre-judgment and post-judgment interest on its damages;

(e) imposing a preliminary and a permanent injunction pursuant to 15 U.S.C. §26, restraining Defendants and all those acting in concert or participation with them, from, among other things:

    (1) soliciting, or attempting to solicit, or initiating any contact with, directly or indirectly, any of Emigra's customers;

    (2) acquiring, seeking to acquire, misappropriating, using and/or disclosing any trade secrets or proprietary or confidential business information of Emigra;

    (3) soliciting, encouraging, or otherwise inducing current Emigra employees to leave employment by Emigra and/or to accept employment with Defendants or any Defendant-related or associated entity or individual;

    (4) ordering Defendants, and all persons working in concert with Defendants, including, but not limited to, any officer, agent, representative, or employee of Defendants, to return to Emigra all trade secrets, proprietary and confidential information of Emigra in his/their possession, custody, or control;

(f)    granting Emigra's costs, including a reasonable attorney fee, as provided by law;

(g)    awarding punitive damages in an amount to be determined by this Court, including but not limited to trebling of compensatory damages pursuant to 15 USC § 15;

(h)    such other and further relief as this Court deems just and equitable.

                                               Respectfully submitted,

Dated: May 30, 2008                   EMIGRA GROUP, LLC
                                        By its attorneys,

                                              PINNISI & ANDERSON, LLP

                                  By:   */s/ Michael D. Pinnisi*
                                             Michael D. Pinnisi (MP-5075)
                                             111 North Tioga Street, Suite 200
                                             Ithaca, New York 14850
                                             Telephone:  (607) 257-8000

To:

Giskan, Solotaroff & Anderson LLP
11 Broadway, Suite 2150
New York, New York 10004
Telephone: (212) 500-5106
Attorneys for Defendant Ryan Matthew Freel


Covington & Burling, LLP
620 Eighth Avenue
New York, New York 10018-1405
Attorneys for Defendants Fragomen, Del Rey, Berson & Loewy, LLP,
Fragomen, Del Rey, Berson & Loewy II, LLP,
Fragomen Global Immigration Services, LLC, and
Fragomen Global, LLP