UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMIGRA GROUP, LLC,<br><br>                              Plaintiff,<br><br>- v -<br><br>FRAGOMEN, DEL REY, BERNSEN & LOEWY, LLP,<br>FRAGOMEN, DEL REY, BERNSEN & LOEWY II, LLP,<br>FRAGOMEN GLOBAL IMMIGRATION SERVICES,<br>LLC, FRAGOMEN GLOBAL LLP, AND<br>RYAN MATTHEW FREEL,<br><br>                              Defendants. | 07-cv-10688 (LAK)(HP)<br><br>ECF CASE |

**PLAINTIFF'S LOCAL CIVIL RULE 56.1 COUNTER-STATEMENT IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DISCOVERY PURSUANT TO RULE 56(f) IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

PINNISI & ANDERSON, LLP
111 North Tioga Street, Suite 200
Ithaca, New York 14850
Telephone: (607) 257-8000

*Attorneys for Plaintiff*

Plaintiff Emigra Group, LLC ("Emigra") submits this Local Civil Rule 56.1 Counter-Statement in support of its application for discovery pursuant to Fed. R. Civ. P. 56(f) and in response to Defendants' motion for summary judgment, with specific responses to the numbered paragraphs of Defendants' Statement of Material Facts Pursuant to Local Civil Rule 56.1 ("Defendants' 56.1 Statement").

1. For purposes of this motion, Plaintiff does not dispute that inbound immigration services are generally considered the practice of law in the United States, but does dispute that outbound immigration services are so considered. (DuPuis Decl. ¶23.)

2. For purposes of this motion, Plaintiff does not dispute that in other countries, non-lawyers may provide some categories of immigration services, or that lawyers may compete with non-lawyers with respect to certain aspects of the immigration process in other countries. Plaintiff does dispute the assertion that it is common for law firms to provide immigration services to clients in other countries. (DuPuis Decl. ¶37.)

3. For purposes of this motion, Plaintiff does not dispute that, for a firm based in the United States focusing on the immigration needs of corporate clients, immigration work may be "inbound" or "outbound," or that inbound work generally refers to work involved in relocating foreign employees to the U.S. on a temporary or permanent basis. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertion that, "[f]or most immigration practices based in the U.S., inbound matters constitute the majority of the work handled" without discovery, and therefore disputes the same.

4. For purposes of this motion, Plaintiff does not dispute ¶4 of Defendants' 56.1 Statement.

5. For purposes of this of this motion, Plaintiff does not dispute that the United States accounts for the most significant portion of the world market for business-related immigration services. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the remaining assertions in ¶5 of Defendants' 56.1 Statement, and therefore disputes the same.

6. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶6 of Defendants' 56.1 Statement, and therefore disputes the same.

7. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶7 of Defendants' 56.1 Statement, and therefore disputes the same.

8. Plaintiff disputes the paraphrasing of information on its website, and disputes the inferences and conclusions drawn from that paraphrasing. Plaintiff does not dispute that it is headquartered in the U.S. and that it subcontracts with outside providers on occasion. Plaintiff disputes the remaining assertions in ¶8 of Defendants' 56.1 Statement.

9. For purposes of this motion, Plaintiff does not dispute that its website includes the language quoted in ¶9 of Defendants' 56.1 Statement, but does dispute that it has sought to position itself as a lower cost alternative to a law firm, as it has positioned itself as an alternative to law firms that offers both lower cost and superior service. (DuPuis Decl. ¶ 20.)

10. For purposes of this motion, Plaintiff does not dispute ¶10 of Defendants' 56.1 Statement.

11. Plaintiff does not dispute that it sued four entities in this litigation. Without discovery, Plaintiff is without sufficient knowledge to admit or deny whether those four entities are under common ownership or similar relationship, and therefore disputes the same.

12. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶12 of Defendants' 56.1 Statement, and therefore disputes the same.

13. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶13 of Defendants' 56.1 Statement, and therefore disputes the same.

14. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶14 of Defendants' 56.1 Statement, and therefore disputes the same.

15. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶15 of Defendants' 56.1 Statement, and therefore disputes the same.

16. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶16 of Defendants' 56.1 Statement, and therefore disputes the same.

17. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶17 of Defendants' 56.1 Statement, and therefore disputes the same.

18. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶18 of Defendants' 56.1 Statement, and therefore disputes the same.

19. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶19 of Defendants' 56.1 Statement, and therefore disputes the same.

20. For purposes of this motion, Plaintiff does not dispute that immigration rules and requirements are country-specific, or that there is no uniform set of immigration laws and procedures, or that local implementation of regional or supra-national immigration arrangements or protocols may vary. Plaintiff does dispute the allegation that competition for business-related immigration services is highly country-specific, because this is not true for single-source providers. (DuPuis Decl. ¶¶21, 22, 33-36.)

21. Plaintiff disputes the assertions in ¶21 of Defendants' 56.1 Statement to the extent they purport to describe the market for single-source providers. (DuPuis Decl. ¶¶21, 22, 33-36.)

22. Plaintiff disputes the assertions in ¶22 of Defendants' 56.1 Statement to the extent they purport to describe the market for single-source providers. (DuPuis Decl. ¶¶21, 22, 33-36.)

23. Plaintiff disputes the assertions in ¶23 of Defendants' 56.1 Statement because they materially understate the frequency of customer requirement and use of single-source providers (DuPuis Decl. ¶¶39-42.)

24. Plaintiff disputes the allegations in ¶24 of Defendants' 56.1 Statement. Contrary to Defendants' assertion that "it is rarely, if ever, the case that the "single source provider is the only firm that actually delivers the service," single source providers manage a complete immigration services solution for major corporations, with end-to-end case management, home country support, and host country services. (DuPuis Decl. ¶ 21.)  A contract for single-source services is awarded to the single-source provider, not to the subcontractor.  A firm's inability to service the customer globally necessarily means the single-source contract would be awarded elsewhere, or the awarded contract would not be for single-source services.  (DuPuis Decl. ¶41.)

25. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶25 of Defendants' 56.1 Statement, and therefore disputes the same.

26. Plaintiff disputes the allegations in ¶26 of Defendants' 56.1 Statement.  While Plaintiff does not dispute that "numerous law firms in the U.S. have established immigration practices," no evidence indicates that those firms provide business-related immigration services in the single-source market.  The "Top 25" listing does not contradict the single-source market definition, but does demonstrate the great size of Fragomen relative to all other law firms providing some measure of immigration services.  (Flyer Decl. ¶15.)

27. Plaintiff disputes the allegations of ¶27 of Defendants' 56.1 Statement. "The fact that the number of lawyers at Fragomen is a small fraction of lawyers at prominent U.S. law firms does not provide conclusive evidence that Fragomen does not dominate the market for business immigration services. To make that assessment it is necessary to determine whether any of these 804 total immigration attorneys at these 'prominent' U.S. law firms compete in the same product and geographic market." (Flyer Decl. ¶ 19.)

28. For purposes of this motion, Plaintiff does not dispute the allegations in ¶28 of Defendants' 56.1 Statement, but adds that no evidence indicates that the identified firms provide global business-related immigration services in the single-source market.

29. For purposes of this motion, Plaintiff does not dispute the allegations of ¶29 of Defendants' 56.1 Statement.

30. Plaintiff disputes the allegations of ¶30 of Defendants' 56.1 Statement. No evidence indicates that the identified firms provide global business-related immigration services in the single-source market, and, contrary to Defendants' assertion, it is not reasonable to infer that they would do so under the hypothetical price context postulated by Defendants. (DuPuis Decl. ¶¶46-47.)

31. Plaintiff disputes the allegations of ¶31 of Defendants' 56.1 Statement. For purposes of this motion, Plaintiff does not dispute that "U.S. firms are not foreclosed from competing in the global immigration services market just because they may not have offices in foreign countries," but disputes that any evidence indicates that the identified "strategic alliances" result in provision of global business-related immigration services in the single-source market. (DuPuis Decl. ¶ 47.)

32. Plaintiff disputes the allegations of ¶32 of Defendants' 56.1 Statement. Contrary to Defendants' assertion, it is not reasonable to infer that "the cost of adding global immigration should not be prohibitive," as actual experience in the market is that the cost is substantial and that other firms have not made the requisite investment (DuPuis Decl. ¶¶48-50.)

33. Plaintiff disputes the allegations of ¶33 of Defendants' 56.1 Statement. Some repetitive tasks are delegated to paraprofessionals at law firms, but there is no evidence which indicates any extant or possible commoditization of global business-related immigration services in the single-source market. (DuPuis Decl. ¶¶49-51.)

34. Plaintiff disputes the allegations of ¶34 of Defendants' 56.1 Statement. No evidence indicates that "Big Four" accounting firms, relocation service firms, immigration consulting firms or in-house legal and human resources departments of large corporations provide global business-related immigration services in the single-source market, and Emigra does not experience such firms as within Emigra's competitive market. (DuPuis Decl. ¶¶38-40.)

35. Plaintiff disputes the allegations of ¶35 of Defendants' 56.1 Statement. Only Fragomen and Emigra currently offer global business-related immigration services in the single-source market. (DuPuis Decl. ¶¶39, 46.) The only other firm that offered similarly broad services in geographically diverse regions was the Littler Mendelson law firm, but the immigration department of that firm was acquired by Fragomen just weeks before Defendants' experts swore out their Declarations. (DuPuis Decl. ¶¶27-29.) A consequence of the acquisition is even greater market share and concentration of market power for Fragomen, but without discovery, Plaintiff is without sufficient knowledge to ascertain the size of Fragomen's business relative to Emigra's, and therefore relies upon publicly available information to allege that Fragomen holds "well over three quarters" of the market relative to Emigra. (DuPuis Decl. ¶31.)

36. Plaintiff disputes the allegations of ¶35 of Defendants' 56.1 Statement, as Fragomen has more than a 35% share of the single-source market. (DuPuis Decl. ¶31.) Without discovery, Plaintiff is without sufficient knowledge to admit or deny balance of the assertions in ¶36 of Defendants' 56.1 Statement, and therefore disputes the same.

37. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶37 of Defendants' 56.1 Statement, and therefore disputes the same.

38. Plaintiff disputes the allegations of ¶38 of Defendants' 56.1 Statement. No evidence indicates that "Big Four" accounting firms provide business-related immigration services in the single-source market, and Emigra does not experience such firms as within Emigra's competitive market. (DuPuis Decl. ¶38.) As Plaintiff's economics expert Fredrick Flyer states, "To determine whether these firms compete directly with Fragomen and Emigra, it is necessary to evaluate whether these firms compete in the same product and geographic market. To evaluate this, we need Fragomen's internal documents that describe the extent to which these alternative firms are considered by Fragomen to be its direct customers. Also [bid data] can be used to systematically analyze whether these alternative service providers compete directly with Fragomen in the same relevant market." (Flyer Decl. ¶16.)

39. Plaintiff disputes the allegations of ¶39 of Defendants' 56.1 Statement. No evidence indicates that "Big Four" accounting firms provide business-related immigration services in the single-source market, and Emigra does not experience such firms as within Emigra's competitive market. (DuPuis Decl. ¶38.) As Plaintiff's economics expert Fredrick Flyer states, "To determine whether these firms compete directly with Fragomen and Emigra, it is necessary to evaluate whether these firms compete in the same product and geographic market. To evaluate this, we need Fragomen's internal documents that describe the extent to which these alternative

firms are considered by Fragomen to be its direct customers. Also [bid data] can be used to systematically analyze whether these alternative service providers compete directly with Fragomen in the same relevant market." (Flyer Decl. ¶16.)

40. Plaintiff disputes the allegations of ¶40 of Defendants' 56.1 Statement. No evidence indicates that Ernst & Young provides business-related immigration services in the single-source market, and Emigra does not experience Ernst & Young as within Emigra's competitive market. (DuPuis Decl. ¶38.) "To determine whether these firms compete directly with Fragomen and Emigra, it is necessary to evaluate whether these firms compete in the same product and geographic market. To evaluate this, we need Fragomen's internal documents that describe the extent to which these alternative firms are considered by Fragomen to be its direct customers. Also [bid data] can be used to systematically analyze whether these alternative service providers compete directly with Fragomen in the same relevant market." (Flyer Decl. ¶16.) Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶40 of Defendants' 56.1 Statement regarding pertinent resources of this provider, and therefore disputes the same.

41. Plaintiff disputes the allegations of ¶41 of Defendants' 56.1 Statement. No evidence indicates that PwC provides business-related immigration services in the single-source market, and Emigra does not experience PwC as within Emigra's competitive market. (DuPuis Decl. ¶38.) "To determine whether these firms compete directly with Fragomen and Emigra, it is necessary to evaluate whether these firms compete in the same product and geographic market. To evaluate this, we need Fragomen's internal documents that describe the extent to which these alternative firms are considered by Fragomen to be its direct customers. Also [bid data] can be used to systematically analyze whether these alternative service providers compete directly with

Fragomen in the same relevant market." (Flyer Decl. ¶16.)  Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶41 of Defendants' 56.1 Statement regarding pertinent resources of this provider, and therefore disputes the same.

      42. Plaintiff disputes the allegations of ¶42 of Defendants' 56.1 Statement. No evidence indicates that Deloitte Touche Tohmatsu provides business-related immigration services in the single-source market, and Emigra does not experience Deloitte Touche Tohmatsu as within Emigra's competitive market. (DuPuis Decl. ¶38.)  "To determine whether these firms compete directly with Fragomen and Emigra, it is necessary to evaluate whether these firms compete in the same product and geographic market.  To evaluate this, we need Fragomen's internal documents that describe the extent to which these alternative firms are considered by Fragomen to be its direct customers.  Also [bid data] can be used to systematically analyze whether these alternative service providers compete directly with Fragomen in the same relevant market." (Flyer Decl. ¶16.)  Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶42 of Defendants' 56.1 Statement regarding pertinent resources of this provider, and therefore disputes the same.

      43. Plaintiff disputes the allegations of ¶43 of Defendants' 56.1 Statement. No evidence indicates that KPMG provides business-related immigration services in the single-source market, and Emigra does not experience KPMG as within Emigra's competitive market. (DuPuis Decl. ¶38.)  "To determine whether these firms compete directly with Fragomen and Emigra, it is necessary to evaluate whether these firms compete in the same product and geographic market.  To evaluate this, we need Fragomen's internal documents that describe the extent to which these alternative firms are considered by Fragomen to be its direct customers.  Also [bid data] can be used to systematically analyze whether these alternative service providers compete directly with

Fragomen in the same relevant market." (Flyer Decl. ¶16.) Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶43 of Defendants' 56.1 Statement regarding pertinent resources of this provider, and therefore disputes the same.

44. Plaintiff disputes the allegations of ¶44 of Defendants' 56.1 Statement. No evidence indicates that relocation service firms provide business-related immigration services in the single-source market, and Emigra does not experience such firms as within Emigra's competitive market. (DuPuis Decl. ¶38.) "To determine whether these firms compete directly with Fragomen and Emigra, it is necessary to evaluate whether these firms compete in the same product and geographic market. To evaluate this, we need Fragomen's internal documents that describe the extent to which these alternative firms are considered by Fragomen to be its direct customers. Also [bid data] can be used to systematically analyze whether these alternative service providers compete directly with Fragomen in the same relevant market." (Flyer Decl. ¶16.)

45. Plaintiff disputes the allegations of ¶45 of Defendants' 56.1 Statement. No evidence indicates that relocation service firms provide business-related immigration services in the single-source market, and Emigra does not experience such firms as within Emigra's competitive market. (DuPuis Decl. ¶38.) "To determine whether these firms compete directly with Fragomen and Emigra, it is necessary to evaluate whether these firms compete in the same product and geographic market. To evaluate this, we need Fragomen's internal documents that describe the extent to which these alternative firms are considered by Fragomen to be its direct customers. Also [bid data] can be used to systematically analyze whether these alternative service providers compete directly with Fragomen in the same relevant market." (Flyer Decl. ¶16.)

46. Plaintiff disputes the allegations of ¶46 of Defendants' 56.1 Statement. No evidence indicates that Sirva Relocation, Santa Fe Relocation, Pricoa, Primacy Relocation, Weichert

Relocation Resources, Inc., Cartus Corporation or Expat International provide business-related immigration services in the single-source market, and Emigra does not experience these firms as within Emigra's competitive market. (DuPuis Decl. ¶38.) "To determine whether these firms compete directly with Fragomen and Emigra, it is necessary to evaluate whether these firms compete in the same product and geographic market. To evaluate this, we need Fragomen's internal documents that describe the extent to which these alternative firms are considered by Fragomen to be its direct customers. Also [bid data] can be used to systematically analyze whether these alternative service providers compete directly with Fragomen in the same relevant market." (Flyer Decl. ¶16.)

47. Plaintiff disputes the allegations of ¶47 of Defendants' 56.1 Statement. No evidence indicates that immigration consulting firms (other than Emigra) and other immigration service facilitators provide business-related immigration services in the single-source market, and Emigra does not experience such firms as within Emigra's competitive market. (DuPuis Decl. ¶38.) "To determine whether these firms compete directly with Fragomen and Emigra, it is necessary to evaluate whether these firms compete in the same product and geographic market. To evaluate this, we need Fragomen's internal documents that describe the extent to which these alternative firms are considered by Fragomen to be its direct customers. Also [bid data] can be used to systematically analyze whether these alternative service providers compete directly with Fragomen in the same relevant market." (Flyer Decl. ¶16.)

48. For purposes of this motion, Plaintiff does not dispute the allegations in ¶48 of Defendants' 56.1 Statement.

49. Plaintiff disputes the allegations of ¶49 of Defendants' 56.1 Statement. No evidence indicates that CIBT, Inc., Aries Immigration Consulting, LLC, Skillclear or Pro-Link Global

provide business-related immigration services in the single-source market, regardless of whether the more limited services they offer are advertised as "global," and Emigra does not experience these firms as within Emigra's competitive market. (DuPuis Decl. ¶38.)  "To determine whether these firms compete directly with Fragomen and Emigra, it is necessary to evaluate whether these firms compete in the same product and geographic market.  To evaluate this, we need Fragomen's internal documents that describe the extent to which these alternative firms are considered by Fragomen to be its direct customers.  Also [bid data] can be used to systematically analyze whether these alternative service providers compete directly with Fragomen in the same relevant market."  (Flyer Decl. ¶16.)

      50. Plaintiff disputes the allegations of ¶50 of Defendants' 56.1 Statement. No evidence indicates that the in-house legal and human resources department of large corporations provide competition to single-source providers of business-related immigration services, and Emigra does not experience in-house departments of these potential clients as within Emigra's competitive market. (DuPuis Decl. ¶38.)  The fact that some potential customers keep business in house does not negate the existence of the market among those who retain outside service providers.  "To determine whether these firms compete directly with Fragomen and Emigra, it is necessary to evaluate whether these firms compete in the same product and geographic market.  To evaluate this, we need Fragomen's internal documents that describe the extent to which these alternative firms are considered by Fragomen to be its direct customers.  Also [bid data] can be used to systematically analyze whether these alternative service providers compete directly with Fragomen in the same relevant market."  (Flyer Decl. ¶16.)

      51. Plaintiff disputes the allegations of ¶51 of Defendants' 56.1 Statement. No evidence indicates that the in-house legal and human resources departments of large corporations provide

competition to single-source providers of business-related immigration services, and Emigra does not experience in-house departments of these potential clients as within Emigra's competitive market. (DuPuis Decl. ¶38.) The fact that some potential customers keep business in house does not negate the existence of the market among those who retain outside service providers. "To determine whether these firms compete directly with Fragomen and Emigra, it is necessary to evaluate whether these firms compete in the same product and geographic market. To evaluate this, we need Fragomen's internal documents that describe the extent to which these alternative firms are considered by Fragomen to be its direct customers. Also [bid data] can be used to systematically analyze whether these alternative service providers compete directly with Fragomen in the same relevant market." (Flyer Decl. ¶16.)

52. Plaintiff disputes the allegations of ¶52 of Defendants' 56.1 Statement. No evidence indicates that the in-house legal and human resources departments of large corporations provide competition to single-source providers of business-related immigration services, and Emigra does not experience in-house departments of these potential clients as within Emigra's competitive market. (DuPuis Decl. ¶38.) The fact that some potential customers keep business in house does not negate the existence of the market among those who retain outside service providers. "To determine whether these firms compete directly with Fragomen and Emigra, it is necessary to evaluate whether these firms compete in the same product and geographic market. To evaluate this, we need Fragomen's internal documents that describe the extent to which these alternative firms are considered by Fragomen to be its direct customers. Also [bid data] can be used to systematically analyze whether these alternative service providers compete directly with Fragomen in the same relevant market." (Flyer Decl. ¶16.)

53. Plaintiff disputes the allegations of ¶53 of Defendants' 56.1 Statement. No evidence indicates that the in-house legal and human resources departments of large corporations provide competition to single-source providers of business-related immigration services, and Emigra does not experience in-house departments of these potential clients as within Emigra's competitive market. (DuPuis Decl. ¶38.)  The fact that some potential customers keep business in house does not negate the existence of the market among those who retain outside service providers.  "To determine whether these firms compete directly with Fragomen and Emigra, it is necessary to evaluate whether these firms compete in the same product and geographic market. To evaluate this, we need Fragomen's internal documents that describe the extent to which these alternative firms are considered by Fragomen to be its direct customers.  Also [bid data] can be used to systematically analyze whether these alternative service providers compete directly with Fragomen in the same relevant market."  (Flyer Decl. ¶16.)

54. Plaintiff does not dispute that its website includes questions such as "My company handles all immigration in-house. Why should we consider outsourcing?" and "My job is Human Resources. How can I get out of the visa process?" but Plaintiff does dispute the inferences and conclusions Defendants draw from those questions. (DuPuis Decl. ¶38)  The fact that some potential customers keep business in house does not negate the existence of the market among those who retain outside service providers.  Emigra solicitation of potential customers who were keeping immigration work in house is an attempt by Emigra to expand an existing market. *Id.*

55. Plaintiff does not dispute that the Japanese vendor at issue in its Amended Complaint is ILS Shimoda, although that firm has first been identified in Defendants' papers.  Plaintiff disputes the remaining allegations of ¶55 of Defendants' Rule 56.1 Statement, and incorporates the allegations in Plaintiff's Amended Complaint here by reference.

15

56. Plaintiff does not dispute ¶56 of Defendants' Rule 56.1 Statement.

57. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶57 of Defendants' 56.1 Statement, and therefore disputes the same.

58. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶58 of Defendants' 56.1 Statement, and therefore disputes the same.

59. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶59 of Defendants' 56.1 Statement, and therefore disputes the same.

60. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶60 of Defendants' 56.1 Statement, and therefore disputes the same.

61. Plaintiff does not dispute that ILS Shimoda is available to subcontract as a local immigration services provider in Japan, but Plaintiff does dispute the inferences and conclusions Defendants draw from this availability. Plaintiff also disputes the remaining allegations of ¶61 of Defendants' 56.1 Statement. Fragomen's disruption of Emigra's relationship with ILS Shimoda can be mitigated by the existence of other providers, but not negated. Furthermore, no evidence indicates that any of the firms identified as similar to ILS Shimoda (TGA, Planners Relocation, the Japanese branch of PwC's International Assignment Services divison, Nakai Immigration Services LPC, Sarkar Office, ReloJapan, Futuba Immigration Lawyer's Office, Yamamoto Immigration and Labor Consulting Office, Acroseed Immigration Lawyer's Office, Hashimoto Legal Accounting Office, H&A Noto Legal Office, Morita Gyoseishoshi Lawyer's Office, Murata Lawyer Office, Asahi Tokyo Law Office or Office Cosmopolitan) could undertake the same services and pricing and relationship that Emigra obtained from ILA Shimoda. (Flyer Decl. ¶¶22, 23.)

62. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶62 of Defendants' 56.1 Statement, and therefore disputes the same.

63. For purposes of this motion, Plaintiff does not dispute ¶63 of Defendants' Rule 56.1 Statement.

64. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶64 of Defendants' 56.1 Statement, and therefore disputes the same.

65. Plaintiff disputes the allegations of ¶65 of Defendants' 56.1 Statement. The mere fact that a multinational company sent out requests for information to 48 service providers and 28 of these providers responded with a bid does not provide a reliable basis to conclude that competition for immigration services is robust. (Flyer Decl. ¶12.)

66. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶66 of Defendants' 56.1 Statement, and therefore disputes the same.

67. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶67 of Defendants' 56.1 Statement, and therefore disputes the same.

68. Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶68 of Defendants' 56.1 Statement, and therefore disputes the same.

69. Plaintiff disputes the allegations of ¶69 of Defendants' 56.1 Statement. Some work within the immigration industry is allocated through reverse auctions, but there is no evidence which indicates any employment of such means to allocate global business-related immigration services in the single-source market, and Emigra's own experience has been to the contrary. (DuPuis Decl. ¶¶41-43.)

70. Plaintiff disputes the allegations of ¶70 of Defendants' 56.1 Statement. Pricing trends work within the immigration industry generally have no direct bearing upon pricing of global

business-related immigration services in the single-source market. (DuPuis Decl. ¶¶41-43.) Without discovery, Plaintiff is without sufficient knowledge to admit or deny the assertions in ¶70 of Defendants' 56.1 Statement regarding Defendants' experience, and therefore disputes the same.

Dated: May 30, 2008                     PINNISI & ANDERSON, LLP
                                        Attorneys for Plaintiff


                            By:    /s/ Michael D. Pinnisi
                                   Michael D. Pinnisi
                                   111 North Tioga Street, Suite 200
                                   Ithaca, New York 14850
                                   Telephone: (607) 257-8000